UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRIS M. DAVIES,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON; DEPARTMENT OF LABOR & INDUSTRIES; GARY WEEKS, in his individual capacity; PAUL TRAUSE, in his individual capacity; PATRICK WOODS, in his individual capacity; and ROBERT "ROBB" MARVIN, in his individual capacity,<br><br>    Defendants. | Case No. C05-5587FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT ROBERT "ROBB" MARVIN |

    Counsel for Defendants moves pursuant to GR 2(f)(4) for an order allowing defense counsel to withdraw as counsel for Defendant Robert "Robb" Marvin for the reason that after her entry of appearance, the State received results of an independent investigation indicating that Defendant Marvin is not entitled to state defense pursuant to RCW 4.92.070. (See Decl. of Suzanne Parisien.) The Court then ordered Defendant Marvin to advise the Court whether he would proceed pro se or with new counsel. Marvin responded objecting to withdrawal of counsel arguing that all of the acts and omissions alleged against him were done while he was in good faith performing his duties as the

ORDER - 1

Chief Boiler Inspector for the State of Washington. Marvin also argues that he has not waived his attorney client privilege with the Attorney General's Office and he opines that it is not appropriate for Co-defendant Gary Weeks to be making the decision that he is not entitled to a state defense.

The Attorney General sets out the procedure followed by the Attorney General's Office once a complaint has been filed. First, a notice of appearance is filed, because time does not allow the Office to wait until the three separate people who review a defendant's request for defense is completed. In this case, neither the Agency Director, the Assistant Attorney General representing the agency and the Attorney General recommended a state defense for Marvin. While there is no formal procedure for such a request, Marvin asked for reconsideration and Deputy AG Fischer once again considered Marvin's request for representation and again concluded that he was not entitled to the state defense. Plaintiff's objection to Gary Weeks participation in the review of his request is without merit, as Agency Directors are frequently named in lawsuits, and there was independent review of the Attorney General in addition.

Also, counsel for defendants did not at any time speak to Marvin. (Parisien Decl. ¶ 5.) Marvin has not submitted evidence otherwise.

"The sole judge under the statute as to whether an employee acted or purported to act in good faith within the scope of his duties is the Attorney General." *State v. Hermann*, 89 Wn.2d 349, 572 P.2d 713 (1977). The Court in that case also stated that "where the Attorney General fails to find that the acts or omissions of the elected official, officer or employee were or were purported to be within the scope of his official duties, then the defense of th[e] action shall not be at the expense of the State." *Id.* Under the circumstances herein, Marvin's objection must be overruled and the State's Motion for Leave to Withdraw must be granted.

NOW, THEREFORE,

ORDER - 2

IT IS ORDERED:

1. Defendants' Motion For Leave To Withdraw as Counsel for Defendant Robert "Robb" Marvin [Dkt. # 9] is GRANTED.

2. Defendant Robert "Robb" Marvin shall advise the Court by no later than Friday, January 6, 2006 whether he will proceed pro se or with counsel, who shall appear by that date.

DATED this 13th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3